IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Josiah Stone,<br>        Plaintiff,<br><br>v.<br><br>Adair County Sheriff's Department,<br>and<br>Elohim, Inc.,<br><br>        Defendants. | Case No. CIV-09-306-RAW |

## ORDER & OPINION

Before the court is the Complaint [Docket No. 1] filed by Josiah Stone (hereinafter Plaintiff or Mr. Stone) and his Motion for Leave to Proceed *In Forma Pauperis* (hereinafter "IFP") [Docket No. 3].

### IFP Motion

For the same reasons as those set forth in an Order on March 18, 2009 in another of Plaintiff's civil actions before this court, CIV-09-098, Plaintiff's motion for IFP is hereby granted in part and denied in part. The court "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." Brewer v. City of Overland Park Police Dept., 24 Fed.Appx. 977, 979 (10th Cir. 2002). In making its decision on Plaintiff's motion for IFP, the court considers the following general factors: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources. Id. (citations omitted).

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." White v. State of Colo., 157 F.3d 1226, 1233 (10th Cir. 1998). Plaintiff's current motion indicates that he:

receives "SSI Disability" in the amount of $674.00 per month; receives $400.00 annual income from property; and has no monthly expenses, except electric and phone.

The court believes that Plaintiff is financially able to pay his filing fees in small monthly payments. Plaintiff shall pay $25.00 per month toward his filing fees in this matter. Plaintiff shall make his $25.00 payment to the district court clerk on or before the first Monday of each month, with his first payment due on October 5, 2009. At the conclusion of this case, by dismissal or otherwise, Plaintiff shall continue to make his monthly installments until the filing fee is paid in full. Furthermore, if Plaintiff receives any settlement or judgment at the conclusion of this case, any remaining balance on his filing fee will be paid from those funds.

## **The Complaint**

Plaintiff filed this action on August 11, 2009. He states that Elohim, Inc. (hereinafter "Elohim") tore down his fences and the Adair County Sheriff's Department (hereinafter "Sheriff's Department") conspired with Elohim to harm, threaten and incarcerate Plaintiff. He lists three causes of action. Under the first, he states that Elohim broke his right shoulder, that charges were not pressed against Elohim, and that the Sheriff arrested him and took his cows. He also states that he has $6000.00 in medical bills.

Under count two, he repeats that his right shoulder was broken and no charges were filed against Elohim. Under count three, he states that a petition for a grand jury was okayed by the Attorney General and the District Attorney and that the Judge would not sign it. He also repeats that he was assaulted by John Millar of Elohim and that his right shoulder was broken.

Plaintiff states that he is in imminent danger of serious physical injury. He states that the Sheriff "says Elohim, Inc. will kill me and no one will find my body." Plaintiff requests $10,000.00

in damages for his cows, $100,000.00 from the Sheriff's Department, and $100,000.00 from Elohim for his broken right shoulder.

## *Sua Sponte* Dismissal

The court may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The Tenth Circuit has noted that "[a] number of courts have held . . . that *sua sponte* dismissal of a meritless claim under Rule 12(b)(6) or a statutory provision does not violate due process or unduly burden a plaintiff's right of access to the courts." Curley v. Perry, et. al., 246 F.3d 1278, 1283 (10th Cir. 2001) (citation omitted).

In considering a Rule 12(b)(6) dismissal, the court must determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face" as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge his "claims across the line from conceivable to plausible," otherwise his Complaint must be dismissed. Id.

The Tenth Circuit has explained that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case where a plaintiff has brought claims against multiple Defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint fails to provide fair notice and to present a plausible right to relief.

Plaintiff is proceeding *pro se*; thus, the court construes his pleadings liberally. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Additionally, for purposes of deciding whether to dismiss the action pursuant to Rule 12(b)(6), the court accepts all the well-pleaded allegations as true. Id. The court does not, however, accept his conclusory allegations. Id. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Id. at 1109-10.

## **Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To prevail on a § 1983 claim, a plaintiff must demonstrate that he was deprived of his federal rights and that the deprivation was caused by a person acting under color of state law." Utah Animal Rights Coalition v. Salt Lake County, 566 F.3d 1236, 1242 (10th Cir. 2009). Plaintiff indicates on his Complaint that Elohim was not acting under color of state law. Moreover, he does not indicate that Elohim deprived him of any federally protected right. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Elohim.

Construing Plaintiff's pro se Complaint liberally, he alleges that the Sheriff's Department

unlawfully or falsely arrested him in violation of his Fourth Amendment rights. "To maintain a malicious prosecution, false arrest, or false imprisonment claim under § 1983, plaintiffs must demonstrate the elements of a common law claim and show that their Fourth Amendment right to be free from unreasonable search and seizure has been violated." Trimble v. Park County Bd. of Comm'rs., 242 F.3d 390 (10th Cir. 2000).

In Oklahoma, "[f]alse arrest is the unlawful restraint of an individual against his will." Delong v. State ex rel. Oklahoma Dept. of Public Safety, 956 P.2d 937, 938 (Okla. Civ. App. 1998) (citations omitted). "Plaintiff, in an action for false arrest has the burden of proving lack of probable cause for bringing a criminal action against him and is required to prove lack of probable cause." Id.

"To demonstrate a search or seizure is unreasonable, and thus a violation of the Fourth Amendment, [Plaintiff] must prove he had a legitimate expectation of privacy in the place searched or the item seized." United States v. Fisher, 140 Fed. Appx. 792, 794 (10th Cir. 2005) (emphasis omitted). "The 'ultimate question' is whether [Plaintiff's] claim to privacy from the government intrusion is objectively reasonable in light of all the surrounding circumstances." Id.

Plaintiff has not come close to nudging a false arrest claim "across the line from conceivable to plausible." His Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." With regard to the Sheriff's Department, he states: (1) that it did not press charges against Elohim after John Millar assaulted Plaintiff, and (2) that the Sheriff arrested Plaintiff and took his cows. The first allegation does nothing to bolster his claims. As to the second allegation, he has not alleged or shown any lack of probable cause for the arrest. He states that the Judge ultimately did not sign the Grand Jury Petition, but this does not demonstrate that the Sheriff's

Department did not have probable cause to arrest Plaintiff.

Plaintiff also has not alleged or shown that he or his cows were seized from a place upon which he has a legitimate expectation of privacy. From the number of cases Plaintiff has brought in this court, the court is aware that property disputes exist between Plaintiff and Elohim. Plaintiff has previously alleged that Elohim is a 501(c)(3) corporation and improperly evicted Plaintiff, a "member," from corporate land. See Stone v. Elohim, Inc., Case No. CIV-08-266. If Plaintiff was on Elohim's property when the disputes in this action arose, as has been the case with most of his actions in this court, he had no legitimate expectation of privacy.

The court finds that Plaintiff has failed to state a claim upon which relief can be granted. Moreover, it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."

## Hobbyist Litigator

This is one of six (6) actions Mr. Stone has brought to this court the last two years. See CIV-08-102 (prisoner civil rights action against the Honorable Rex Earl Starr; James Collins, the Mayor for the City of Stilwell; the Adair County Jail; Jeremy Drain, a Jailer in the Adair County Jail; Sheriff Gerald Coleman; and the City of Stilwell), CIV-08-266 (civil rights action against Elohim, Inc.; the Honorable Rex Earl Starr; Jerry Babbitt; James Collins, the Mayor for the City of Stilwell; and the Honorable Jeffrey Payton), CIV-08-354 (removal from state court of an action brought by Jerry Babbitt against Mr. Stone for trespass, ejectment, slander of title and quiet title suit), and CIV-09-098 (civil action against the Adair County District Attorney's Office and several others).

Mr. Stone has been involved in several actions in the Adair County District Courts in the last two years as well, many involving the same parties noted above. See SC-2008-270 (small claims

action for indebtedness by Mr. Stone against John and Dorcas Millar; Mr. Stone appealed (DF-105980), SC-2008-271 (small claims action for forcible entry and detainer by Elohim, Inc. and John Miller against Mr. Stone and Emoke Stone; Mr. Stone appealed (DF-105978)), CJ-2008-54 (civil action for trespass by Jerry Babbitt against Mr. Stone; Mr. Babbitt appealed (DF-107131)), PO-2008-37 (petition for a protective order by Elohim, Inc. c/o Agent John Millar against Mr. Stone), SC-2008-359 (small claims action for damages by Mr. Stone against Bruce Millar), CF-2008-165 (criminal felony action against Mr. Stone, charging him with four counts, each involving threats of violence), CJ-2008-107 (civil action against Jerry Babbitt requesting damages in excess of $10,000; Mr. Babbitt appealed (DF-107131)), CM-2008-515 (criminal misdemeanor action against Mr. Stone, charging him with violation of Oklahoma's Compulsory Education Act), CF-2009-25 (criminal felony action against Mr. Stone, charging him with forgery in the second degree), SC-2009-126 (small claims action for indebtedness by Mr. Stone against Bruce Millar), CM-2009-240 (criminal misdemeanor action against Mr. Stone, charging him with making false claims for victim compensation), CM-2009-279 (criminal felony action against Mr. Stone, charging him with a violation of the owner's duty to restrain animals), and CM-2009-405 (criminal misdemeanor action against Mr. Stone, charging him with failure to maintain livestock).[1]

Mr. Stone is a seasoned *pro se* litigator. This court has previously noted that he was dangerously close to being considered by this court to be in the category of "hobbyist litigators" described in Westridge v. Allstate Ins. Co., 118 F.R.D. 617, 621 (W.D. Ark. 1988). "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." Id. Plaintiff "has no absolute,

---

[1] The court lists them, but of course, it does not take into account the criminal actions against Mr. Stone in its decision as to whether to limit his future filings.

unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." Garrett v. Esser, 53 Fed.Appx. 530, 531 (10th Cir. 2002). Furthermore, the court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." Id.; 28 U.S.C. § 1651.

Additionally, the court has warned Plaintiff on three separate occasions that if he continues to file meritless, frivolous, malicious or abusive complaints in this court, the court will likely restrict his access such that he will not be able to file a complaint unless he is represented by an attorney or first obtains permission from the court to proceed *pro se*. See Stone v. Garrett, Case No. CIV-08-388, Order filed Oct. 20, 2008, Stone v. Starr, Case No. CIV-08-102, Order filed October 31, 2008, and Stone v. Adair County District Attorney's Office, et al., Order filed September 21, 2009. Such restriction will ensure that Plaintiff's filings have merit prior to filing and will preserve judicial resources for expeditious resolution of legitimate matters.

## **Sanctions**

Plaintiff's filings in this court have been numerous and without merit. Plaintiff also has numerous cases in other courts. The court, therefore, has decided it is necessary to limit Plaintiff's ability to file future meritless complaints. Therefore, Plaintiff is hereby enjoined from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed *pro se.*

Plaintiff must take the following steps to obtain permission to proceed *pro se*:

1. File a petition with the clerk of this court requesting leave to file a *pro se* action;

2. Include in the petition the following information:
    (A.) A list of all lawsuits currently pending or filed previously with this court, including the name and number of each case, and the current status or disposition of the lawsuit; and

(B.) A list apprising this court of all outstanding injunctions or orders limiting Mr. Stone's access to federal court, including orders and injunctions requiring Mr. Stone to seek leave to file matters *pro se* or requiring him to be represented by an attorney, including the name and case number of all such orders or injunctions; and

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis of the claim asserted, and describing with particularity the facts giving rise to said claims. The affidavit also must certify, to the best of Mr. Stone's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the lawsuit is not interposed for any improper purpose, and that he will comply with all local rules of this court.

These documents shall be submitted to the Court Clerk, who will refer them to a Magistrate Judge for review to determine whether the complaint is lacking in merit, duplicative or frivolous. The Magistrate Judge will then forward the complaint along with his or her opinion onto the Chief Judge, who will make the final determination whether to dismiss the complaint or to enter an order allowing the complaint to proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Oklahoma.

Plaintiff has ten days from the date of this Order to file written objections, limited to ten pages, to these sanctions. If Plaintiff files no objection, the sanctions noted herein will take effect twenty days from the date of this Order. If Plaintiff files objections, these sanctions will not take effect until after the court rules on those objections.

## Conclusion

It is the order of the court that Plaintiff's Complaint [Docket No. 1] is hereby DISMISSED. Plaintiff's Motion for Leave to Proceed IFP [Docket No. 3] is GRANTED in PART and DENIED in part. While his case is dismissed, he must complete payment of his filing fee in this case, the total being $350.00 on the payment schedule set forth above. Furthermore, Plaintiff is hereby ENJOINED

9

from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed *pro se* in accordance with the directions included in this Order.

    IT IS SO ORDERED this 22nd day of September, 2009.

**Dated this 22nd Day of September 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0